**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   10 C 1711 |
| v. | ) | |
| | ) | |
| ALLOCATED BUSINESS | ) | HONORABLE DAVID H. COAR |
| MANAGEMENT, LLC, an Illinois Limited | ) | |
| Liability Company, d/b/a ABM; AGENT | ) | |
| TINA, Individually, and as Agent, Apparent | ) | |
| Agent, Servant, and/or Employee of | ) | |
| Allocated Business Management, LLC; and | ) | |
| UNKNOWN COLLECTION AGENT, | ) | |
| Individually, and as Agent, Apparent Agent, | ) | |
| Servant, and/or Employee of Allocated | ) | |
| Business Management, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Ray Williams has filed a one-count complaint against Allocated Business Management, LLC ("ABM") and two of its collection agents, alleging violations of the Fair Debt Collections Practices Act ("FDCPA").  *See* 15 U.S.C. § 1692 *et seq*.  The defendants have moved to dismiss the complaint on the grounds that the money ABM has tried to collect from Williams is not a debt within the meaning of the FDCPA.  *See id.* § 1692a(5).  For the reasons given below, the court agrees.  The motion to dismiss is therefore GRANTED.

## BACKGROUND

Williams was the (apparently uninsured) party at fault in an April 2008 car accident with a nonparty driver, whose insurance carrier paid for the ensuing repairs and employed Defendant ABM to initiate subrogation efforts against Williams to recover those costs.  Agent Tina and

another (currently unknown) collection agent attempted to collect on ABM's behalf. In doing so, they repeatedly contacted Williams at his place of employment, even after Williams informed them that he was not allowed to receive calls at work; threatened him with negative credit reporting actions, garnishment, and litigation; used abusive language; and were deceptive in identifying themselves.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that is, "a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*Twombly* applies to "all civil actions"). This requirement imposes two relatively low hurdles. *First*, a complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964). *Second*, the allegations "must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level.'" *Concentra*, 496 F.3d at 776. If the allegations do not suggest a right to relief—if for instance, a plaintiff relies merely on conclusions, labels, or formulaic recitations of the elements of a cause of action—a Rule 12(b)(6) motion should be granted. *See Twombly*, 550 U.S. at 570.

## ANALYSIS

The FDCPA was enacted to protect consumers from abusive, deceptive and unfair debt-collection practices. *See Berman v. GC Servs. Lim. P'Ship*, 146 F.3d 482, 484 (7th Cir. 1998). However, "because not all obligations to pay are considered debts under the [FDCPA], the

definition of 'debt' thus serves to limit the [statute's] scope." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997). Under the FDCPA, 'debt' means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The operative notion here is, clearly enough, that of a consumer debt. Thus, the Seventh Circuit has established a two-part test for determining whether money owed qualifies as a debt for purposes of the FDCPA. *See Berman*, 146 F.3d at 484. First, the court must ascertain whether the obligation to pay arises from "a consensual transaction, where parties negotiate or contract for consumer-related goods or services." *Id.* Only if the answer is 'yes' must the court must determine whether the debt was owed primarily for personal, family, or household purposes. *Id.*

Here, the first prong of the inquiry is dispositive: Williams's alleged obligation to pay damages does not arise out of a "consensual transaction" involving "consumer-related goods or services;" it arises out of a car accident. The Eleventh Circuit reached the same conclusion on identical facts in *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998). Hawthorne sued a collection service—which held the subrogation rights of the insurance carrier of the party damaged by Hawthorne's allegedly negligent driving—for violations of the FDCPA. *See id.* at 1369. The court affirmed the dismissal of her complaint, since "Hawthorne's alleged obligation to Mac Adjustment does not arise out of a consumer transaction; it arises from a tort. In conducting herself in an allegedly negligent manner that precipitated an accident, Hawthorne engaged in no consumer transaction." *Id.* at 1371. That a car accident—or more generally, a tort—is not a "consensual" or consumer transaction seems an obvious and unassailable

conclusion, and all circuits to have squarely faced the question agree. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (FDCPA does not apply where a defendant attempts to collect state-court judgment for damages resulting from tortious conduct); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168 (3d. Cir. 1987) (obligation to pay arising out of alleged theft of television service was not an FDCPA debt). The same goes for the FTC, the agency entrusted with administering the FDCPA. In a notice entitled "Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act," the FTC specifically listed "tort claims" as an example of debts that it considered to be excluded from the FDCPA. 53 Fed. Reg. 50,097, at 50,102 (1988); *see Chevron, U.S.A. v. National Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984) (interpretation of statute by agency charged with its administration, while not binding on courts, is entitled to deference). Because Williams's obligation to pay does not arise from a consumer transaction, it is not a debt as contemplated by the statute. *See* 15 U.S.C. § 1692a(5); *Berman*, 146 F.3d at 484. Therefore, the FDCPA does not apply.

Although the Seventh Circuit has yet to decide for itself whether the FDCPA applies to debts that arise solely from the commission of torts, there is little doubt that, applying *Berman*, the court would join its sister circuits in distinguishing a tort from a consumer transaction. In this regard, the court's discussion in *Bass* is revealing. In holding that the FDCPA applies to the collection of debts arising from dishonored checks, the court distinguished such a debt from one arising from a tort—in particular, the theft that occurred in *Zimmerman*. *See Bass*, 111 F.3d at 1326. The Seventh Circuit agreed, albeit in dicta, that the FDCPA does not apply to debts arising from torts like conversion. *Id.* ("And although a thief undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay

- 4 -

arising from consensual transactions." (discussing *Zimmerman*, 834 F.2d 1163)). In contrast to the case of theft, the issuance of a check, even a worthless one, shows that the debt did arise from a consensual transaction. *See Bass*, 111 F.3d at 1326. Surely it makes even less sense to call a car accident—as opposed to the theft of consumer goods or services—a "consensual" or consumer transaction, and this court declines to do so.

Williams has not adequately pled a debt arising from a consumer transaction, so his FDCPA claim fails as a matter of law. Accordingly, his complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: June 8, 2010**